CARLTOM ENTERPRISES, INC.
and CARL T.C. GUTIERREZ, Plaintiffs

v.

PAUL J. BORDALLO and
HOTEL MICRONESIA, INC., Defendants

Civil No. 838-75
Superior Court of Guam
March 18, 1980

- - - - -

WEEKS, Judge

## DECISION AND ORDER

Defendant Paul J. Bordallo and Hotel Micronesia moved for summary judgment in this matter. Fred Kerley, Esquire, appeared for plaintiff at the hearing. Ladd Baumann, Esquire, has been substituted as counsel for plaintiff while the matter was under advisement. Fred Bordallo, Esquire, appeared for the defendants.

The fact which are undisputed are that in February 1974 defendants contracted with Tom Tang and Carl Gutierrez and their respective construction companies as a joint venture to undertake a certain project at the Micronesia Hotel. Later, in September 1974, an agreement was reached whereby plaintiff paid $30,000.00 to Tang as payment for incurred expenses of Sang Feng. It is agreed that this payment was known to plaintiff Gutierrez.

It is the effect of the payment to Sang Feng, and the agreement, if any, between plaintiff and defendant at this time, which is disputed by the parties.

Plaintiff alleges in his counter-affidavit that at the September meeting, defendant and he agreed that, although Sang Feng Construction would be released by the $30,000.00 payment, he (plaintiff) would remain ready to perform and the contract would remain in effect between plaintiff and defendant. Tom Tang's affidavit contains the same statements as plaintiff

26

regarding the nature of the agreement among plaintiff and defendant and himself.

Defendants claim that the agreement with Tom Tang represented a release by the joint venture of all defendants' obligations under the contract in question. In attorney Bordallo's affidavit filed with the motion, he asserts first in paragraph three, that plaintiff at the September meeting agreed to accept as full settlement, the payment of any loss determined by negotiation between defendant Paul Bordallo and Tom Tang; and in paragraph six, that the sum of $30,000.00 was paid to Sang Feng Construction. (It is noted that Attorney [Fred] Bordallo was present at the meeting and has personal knowledge of the event). Thus it is claimed no further obligation exists on defendant's part.

The Court requested additional memoranda from the parties on the effect on a joint venture contract when one of the joint venturers is released by the other party to the contract. However, before reaching this question of law, the Court must resolve the clear factual dispute presented by the affidavits, and that cannot be done in a summary judgment.

Therefore, the defendant's motion for summary judgment is denied.

SO ORDERED.